IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-556-BO

COASTAL FEDERAL CREDIT UNION, )
                                   )
                Plaintiff,         )
                                   )
        v.                         )          O R D E R
                                   )
SHERMAN JOSEPH aka SHERMAN         )
SHERWIN JOSEPH, *et al.*,           )
                                   )
                Defendants.        )

This cause comes before the Court on plaintiff's amended motion to remand this action to Wake County Superior Court. [DE 17]. Defendants DeNey Joseph and Sherman Joseph have responded, [DE 19], and the motion is ripe for disposition. For the reasons that follow, the amended motion to remand is granted.

BACKGROUND

Plaintiff commenced this foreclosure action in the Superior Court for Wake County, North Carolina on April 4, 2024. [DE 5-1]. Defendants DeNey Joseph and Sherman Joseph were served by publication on August 1, 2024, August 8, 2024, and August 15, 2024. The Josephs removed the complaint to this Court on September 4, 2025. In their notice of removal, the Josephs, who appear *pro se*, cite 28 U.S.C. § 1443(1) as the primary jurisdictional ground for removal. [DE 1]. The Josephs further contend that the notice of removal is timely because it was filed within thirty days of receipt of an order or paper from which it could first be ascertained that the matter is removable. *See id.*; 28 U.S.C. § 1446(b)(3). The Josephs further contend that the foreclosure action necessarily

implicates compliance with federal laws, providing this Court with federal question jurisdiction under 28 U.S.C. § 1331. *Id.*

DISCUSSION

Plaintiff seeks to remand this action first on the basis of the Josephs' untimely removal. *See* 28 U.S.C. § 1447(c). Removal of a civil action is proper when it is filed within 30 days of the defendant's receipt of the initial pleading setting forth the plaintiff's claim. 28 U.S.C. § 1446(a). "[I]if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* ¶ 1446(b)(3). Where remand is sought based upon defects in the removal procedure, the court's jurisdiction is not implicated. *See Korzinski v. Jackson*, 326 F. Supp. 2d 704, 708 (E.D.N.C. 2004).

The Josephs contend that the basis for removal became apparent on August 21, 2025, when the state court issued a memorandum order on a motion concerning the Americans with Disabilities Act (ADA), and that they timely removed the action on September 4, 2025. *See* [DE 19-12] at 2; [DE 19-6]. This argument is without merit. That a state court order references the ADA or ADA accommodations provides no grounds for removal of a state court action. *See* 28 U.S.C. § 1441. The Josephs have identified no other pleading, motion, order, or other paper which they received which would support removal of this action. *See also* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.140 (3d ed. 2026) ("In general, to constitute 'other paper,' the paper must result from the voluntary act of a plaintiff and give the defendant notice of the changed circumstances that now support federal jurisdiction."). Moreover, to the extent the Josephs contend that consideration of the ADA in the state proceeding was sufficient to trigger the removal period, as

2

noted in the state court's order, the Josephs filed their emergency motion for ADA accommodation on July 21, 2025, more than 30 days prior to their removal of this action. [DE 19-6] at 7. The Court can discern no other basis in the record provided by the Josephs which would have revealed that the case could have been or became removable.

The Josephs also argue that service by publication was improper, and thus the initial period for removal was not triggered. But even assuming, without deciding, that the service by publication did not trigger the initial period for removal, a defendant may waive his or her right to remove a case by their actions which show a "clear and unequivocal intent to remain in state court." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (internal quotation and citation omitted). Such intent can be demonstrated by "engaging in substantial defensive action in state court before filing a notice of removal." *Id.* (internal quotation and citation omitted). Here, as is evidenced by the state court order on which the Josephs rely, after being held in default and default judgment having been entered, the Josephs appeared in the state court action on January 31, 2025, and moved to vacate the default judgment. They continued to file multiple motions including motions to reopen the case, to object to service, and to stay execution of the judgment. The Josephs filed a notice of appeal, motions to stay, filed an upset bid, and continued to file motions challenging the foreclosure proceedings throughout February, March, June, and July 2025. *See* [DE 19-6] at 3-7. In other words, the Josephs participated in the state proceeding for six months before they removed the action to this Court. This constitutes waiver. *See Northrop Grumman Tech. Servs.*, 865 F.3d at 187; *see also Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997) ("extension of the removal period in the case where the initial pleading does not state the factual or legal bases for removal should not be allowed to cover

3

strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position.").

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's amended motion to remand [DE 17] is GRANTED. This action, including the pending motion to dismiss filed by the Joseph defendants, [DE 10], is hereby REMANDED in its entirety to the Superior Court for Wake County, North Carolina.

SO ORDERED, this **31** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4